*E-Filed 2/22/13*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RUFUS CASANOVA LOVE III, | No. C 12-3265 RS (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| RANDY GROUNDS, Warden, | |
| Respondent. | |

## INTRODUCTION

Petitioner seeks federal habeas relief from his state convictions. Respondent moves to dismiss as untimely the petition for such relief. For the reasons discussed herein, respondent's motion (Docket No. 14) is GRANTED. The petition is DISMISSED.

## DISCUSSION

**A.     Standard of Review**

Federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3)

the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

## B. Timeliness of the Petition

Petitioner's conviction became final on August 24, 1999, when the time expired for appealing to the United States Supreme Court the state supreme court's denial of his petition for direct review. Petitioner, then, had until August 25, 2000, to file a timely federal habeas petition. The instant petition was filed, using the most generous date, on June 25, 2012,[1] well after the August 25, 2000 deadline. On this record, absent statutory or equitable tolling, or an equitable exception, the petition is barred by AEDPA's statute of limitations and must be dismissed.

### 1. Statutory Tolling

Petitioner filed his first state habeas petition on June 25, 2001, which is after the August 25, 2000 federal habeas filing deadline. For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. *See* § 2244(d)(2).

Petitioner is not entitled to statutory tolling. A state habeas petition filed after AEDPA's statute of limitations ended, here the June 25, 2001 state petition, cannot toll the limitation period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. "Once the limitations

---

[1] The action was opened on this date when petitioner filed what he entitled "A Notice of Appeal." This three-page document contained no habeas claims or arguments. The Court directed him to file a petition, which he did file on July 18, 2012.

period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998). Because petitioner filed his first state habeas petition after the filing date for a federal habeas petition, he is not entitled to statutory tolling. Absent equitable tolling, or an equitable exception, the petition must be dismissed.[2]

### 2. Equitable Tolling

Petitioner makes no arguments nor presents any evidence in any of his filings that he is entitled to equitable tolling. He has not, then, shown a basis for equitable tolling. Therefore, he has not shown "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Absent an equitable exception, the petition must be dismissed as untimely.

### 3. Equitable Exception: Actual Innocence

Petitioner claims that he is entitled to an equitable exception[3] because he is innocent of the crimes of which he was convicted. It is true that "a credible showing of 'actual innocence' under *Schlup v. Delo*, 513 U.S. 298 (1995), excuses the statute of limitations period established by [AEDPA]." *Lee v. Lampert*, 653 F.3d 929, 931 (9th Cir. 2011) (en

---

[2] This conclusion is unchanged even if the Court uses a later federal habeas deadline of August 30, 2002. On May 31, 2002, in response to petitioner's June 25, 2001 petition, the state superior court amended the abstract of judgment to reflect a restitution fine of $9,800. Assuming without deciding that amending the abstract of judgment restarted the limitations period, the instant federal petition would still be untimely. The state superior court decision became final 60 days later, on June 30, 2002. *See Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006). (As petitioner could not have appealed the state habeas decision to the United States Supreme Court, he is not entitled to the additional 90 days allowed.) Therefore, he had until July 1, 2003 (a year after June 30, 2002) to file a timely federal habeas petition. The instant petition was filed June 25, 2012 (at the earliest), well after the supposed July 1, 2003 deadline.

[3] An equitable exception is distinct from the doctrine of equitable tolling: "the phrase 'equitable tolling' is used in describing the use of equitable power to allow the untimely filing of a habeas petition in an actual innocence case. The more accurate characterization is 'equitable exception,' because equitable tolling involves different theoretical underpinnings." *Lee*, 653 F.3d at 932 n.5.

banc). *Schlup* requires a petitioner "to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Id.* at 324.

This equitable exception is not applicable here. Petitioner has not shown that in light of new evidence that it is more likely than not that "no reasonable juror would have convicted him," *Schlup*, 513 U.S. at 327, or that "every juror would have voted to acquit him," *Lee*, 653 F.3d at 946 (citing *Schlup*, 513 U.S. at 327) (Kozinski, J. concurring). In his petition, he alleges that there was insufficient evidence to convict him. More specifically, he alleges the victims in the separate crimes failed to identify him at trial and that the fingerprint evidence was unreliable. Whatever the merit of such assertions, these doubts about the evidence were raised at trial. As such, these assertions do not constitute *new* reliable evidence that was not presented at trial. Accordingly, petitioner has not shown that he is entitled to an equitable exception to AEDPA's statute of limitations.

## CONCLUSION

For the reasons stated above, respondent's motion to dismiss the petition as untimely (Docket No. 14) is GRANTED. Accordingly, the action is DISMISSED.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk shall enter judgment in favor of respondent, terminate Docket No. 14, and close the file.

**IT IS SO ORDERED**.

DATED: February 22, 2013

RICHARD SEEBORG
United States District Judge